UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

In re:

JOHN GEORGE ITTERLY and           :         Case No. 05-20366T
JAMIE ANN ITTERLY,
    *Debtor(s)*                      :

                                                            :

**ORDER**

AND NOW, this 6th day of December, 2005, it is ORDERED that Debtors' motion to avoid the judicial lien held by Respondent, Richard Biolsi ("Respondent"), under 11 U.S.C. §522(f)(1) is DENIED as the court finds that the lien held by Respondent does not impair an exemption to which Debtors would otherwise be entitled since: *(1)* while the property in issue is owned jointly by Debtors as tenants by the entireties, Respondent's judicial lien is based upon a judgment which was entered against both Debtors, John George Itterly and Jamie Ann Itterly, jointly, and therefore, Debtors' reliance upon Napotnik v. Equibank and Parkvale Savings Ass'n., 679 F.2d 316, 319-21 (3rd Cir. 1982) to avoid Respondent's judicial lien is misplaced, see Napotnik, 679 F.2d at 319-21(property held by husband and wife as tenants by the entireties is not exempt from process by a creditor who holds a judgment against husband and wife jointly); In re Houck, 184 B.R. 21, 23 (Bankr. E.D. Pa. 1995) (property held as tenants by the entireties is not exempt from process by a creditor who holds a judgment against both spouses jointly);[1] and *(2)* the fair market

---

1. As Respondent notes, Debtors never objected to Respondent's amended proof of claim (claim number 22) in which Respondent alleges that he holds a secured claim against both Debtors, and therefore, Respondent's claim is deemed allowed pursuant to 11 U.S.C. §502(a). In addition, Debtors never contested, sought to open or appealed the state court judgment which was entered against them jointly and in favor of Respondent. Accordingly, we reject Debtors' attempt to characterize Respondent's judgment as anything but a judgment

value of the property in question ($180,000.00) exceeds $57,487.50, which is the total of Respondent's judicial lien ($5762.50), plus all other non-avoidable liens on the property ($51,125.00) plus the maximum exemption amount ($600.00), see 42 Pa. C.S.A. §8123(a)), see Collier on Bankruptcy, 15th Ed. Rev. ¶522.11[3] at 522-85;[2] see also 11 U.S.C. §522(f)(2)(A), (B).[3]

Reading, PA

                                            THOMAS M. TWARDOWSKI
                                            United States Bankruptcy Judge

---

against Debtors jointly.

2. As explained in Collier's on Bankruptcy,

> the debtor's power to avoid liens depends on the lien impairing the exemption. Section 522(f) provides that the lien may be avoided `to the extent that such lien impairs an exemption.'  For example, the debtor might own property worth substantially more that the amount that can be claimed as exempt.  If that property is subject to a judicial lien, and the value of the property exceeds the total of the judicial lien, all other liens on the property and the maximum exemption amount, then the judicial lien is not impairing the debtor's exemption and may not be avoided.

Collier on Bankruptcy, 15th Ed. Rev. ¶522.11[3] at 522-85.

3. Debtors mistakenly assume that they may claim $128,220.00 in equity in the real property in question (which is the entire equity in the real property after the mortgage liens are subtracted from the fair market value of the real property) as exempt under the Pennsylvania exemption scheme. However, we find Debtors' assumption to be misplaced as it relates to the  the attempted avoidance of Respondent's judicial lien since Debtors may not rely upon Napotnik, 679 F.2d at 319-21, and the tenancy by the entireties argument to avoid Respondent's lien because Respondent holds a judgment against both Debtors jointly, see discussion in text of Order under paragraph (1), supra and note 1, supra.  Rather, Debtors have chosen to utilize the Pennsylvania state exemptions, which permit a debtor to exempt real property to the value of $300.00, see 42 Pa. C.S.A. §8123(a).