UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| JOHN GEORGE ITTERLY and<br>JAMIE ANN ITTERLY,<br>    *Debtor(s)* | : | Case No. 05-20366T |
| | : | |
| | : | |

**ORDER**

AND NOW, this 6th day of December, 2005, it is ORDERED that Debtors' motion to avoid the judicial lien held by Respondent, Jennifer Hudak ("Respondent"), under 11 U.S.C. §522(f)(1) is GRANTED as the court finds that the lien held by Respondent impairs an exemption to which Debtors would otherwise be entitled since the property in issue is owned jointly by Debtors as tenants by the entireties, but Respondent's judicial lien is based upon a judgment which was entered against Debtor, John George Itterly, individually and not against Debtors, John George Itterly and Jamie Ann Itterly, jointly. See Napotnik v. Equibank and Parkvale Savings Ass'n., 679 F.2d 316, 319-21 (3rd Cir. 1982)("creditors of either spouse cannot acquire by judgment an enforceable lien on entirety property"); In re Jackaman, Case No. 99-19029DWS, 2000 WL 192973 at *2 (Bankr. E.D. Pa. February 15, 2000); In re Houck, 184 B.R. 21, 23 (Bankr. E.D. Pa. 1995).

Reading, PA

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge